IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CAMILLE LAJAUNIE, individually and as representative of the estate of DARREN LAJAUNIE | § § § § | |
| VS. | § § | CIVIL ACTION NO. 03:12-CV-0172 |
| | § § | |
| PRUDENTIAL INSURANCE CO. OF AMERICA | § § | JURY TRIAL DEMANDED |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THIS HONORABLE COURT:

Plaintiffs CAMILLE LAJAUNIE, individually, as a beneficiary, and as a representative of the estate of DARREN LAJAUNIE, deceased ("Mr. Allen"), (collectively, "Plaintiffs") complain of Defendant PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") and for cause of action respectfully shows this Honorable Court the following:

### I.
### Introduction

Prudential sold a life insurance policy to Darren Lajaunie. Mr. Lajaunie was covered under Optional Term Life Coverage in the amount of $675,000. This coverage existed up to December 31, 2009. On January 1, 2010, Optional Employee Term Life Coverage switched to Group Universal Life Coverage and Darren Lajaunie elected to increase his coverage to $1,138,000.00. Soon thereafter, Mr. Lajaunie passed away. Mrs. Lajaunie as the beneficiary to Mr. Lajaunie's life insurance policy made a claim to such policy. However, after making this claim, Ms. Lajaunie was informed that "evidence of insurability is required for any increase in coverage over the amount Mr. Lajaunie had on December 31, 2009. Since Darren Lajaunie did

not provide evidence of insurability to Prudential, the increase of $463,000 is not payable." Ms. Lajaunie's claim for this additional coverage was denied. Mr. Lajaunie paid the appropriate premiums for the higher coverage amount. Mr. Lajaunie provided evidence of his insurability for the increase in coverage he paid for. Mr. Lajaunie provided all required documentation to Prudential to increase his coverage amount.

## II.
## Parties

1. Plaintiffs are all individual citizens of the State of Texas.

2. Plaintiff Camille Lajaunie is the wife of the deceased Darren Lajaunie.

3. Defendant PRUDENTIAL is a foreign corporation doing business in the state of Texas. Prudential can be served by serving its registered agent via personal service at C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## III.
## Jurisdiction

4. This Court has subject matter jurisdiction over this lawsuit pursuant to 29 U.S.C. §1001 because one of Plaintiff's claims arise under the Constitution and laws of the United States. Additionally, the parties are citizens of different states.

5. Venue is proper pursuant to 28 U.S.C. §1391(a)(2) in that Plaintiffs' claims arose from events taking place within this judicial district.

## IV.
## Conditions Precedent

6. All conditions precedent have been performed or have occurred.

## V.
## Causes of Action

**TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES**

7.      Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX. INS. CODE.§541.151.

8.      Defendant's unfair settlement practice of misrepresenting to Plaintiff material facts relating to the coverage at issue constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE.§541.060(1).

9.      Defendant's unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE.§541.060(2)(A).

10.     The unfair settlement practice of Defendant in failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(3).

11.     Defendant's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(4).

12.    Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(7).

**FRAUD**

13.    Defendant is liable to Plaintiff for common law fraud.

14.    Each and every representation, as described above, concerned material facts for the reason Plaintiff would not have acted, and which Defendant knew was false or made recklessly, without any knowledge of their truth as a positive assertion.

15.    The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS**

16.    Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE.§542.060.

17.    Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints constitutes a non-prompt payment of claims and a violation of the  TEX. INS. CODE.§542.055.

18.    Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE.§542.056.

19.     Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claim. TEX. INS. CODE.§542.058.

**BREACH OF CONTRACT**

20.     Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

21.     Defendant's failure and refusal to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of contract with Plaintiff.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

22.     Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

23.     Defendant's failure to adequately and reasonably investigate and evaluate Plaintiff's claims, although, at the time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**KNOWLEDGE**

24.     Each of the acts described above, together and singularly, was done "knowingly", as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

**PROMISSORY ESTOPPEL**

25.     Defendant made a promise to Plaintiffs when it accepted premiums and other documents for the higher coverage amount. Alternatively, Defendant's silence on any of the contested issues is also a promise made to Plaintiffs.

26.     Plaintiff reasonably and substantially relied on the promise to its detriment.

27.     Plaintiffs' reliance was foreseeable to Defendant. This is true especially in light of the ambiguities in the insurance contract.

28.     Injustice can be avoided only by enforcing Defendant's promise.

Alternatively, if it is found that Prudential's life insurance policy falls under an ERISA plan, Plaintiff alleges the following:

**ERISA § 1132(a)(1)(B)**

29.     Plaintiff incorporates by reference all the factual allegations contained in preceding paragraphs.

30.     Plaintiff seeks relief under 29 U.S.C.§1132(a)(1)(B), as beneficiary under the plan for benefits due under the provisions of the plan. Pursuant to 29 U.S.C.§1132(a)(1)(B), a "participant or beneficiary" of an employee benefit plan such as the one under which the Decedent was covered may bring a civil action, in pertinent part, "to recover benefits due to him under the terms of the plan" or "to enforce his rights under the term of the plan." ERISA defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id*.§1002(8). Defendant has wrongfully denied Plaintiff's benefits under the plan, even though Plaintiffs have demonstrated entitlement to benefits under the plan. As such, Defendant has breached the contract it had with Plaintiffs. Because Plaintiffs were forced to seek the assistance of this Court in obtaining

benefits wrongfully denied to it by Defendant, Plaintiffs also seek attorneys' fees and costs as provided by 29 U.S.C. §1132(g).

**ERISA § 1132(a)(2)**

31.     Plaintiff incorporates by reference all the factual allegations contained in preceding paragraphs.

32.     In the alternative, Plaintiffs seek relief under 29 U.S.C. § 1332(a)(2), as beneficiary under the plan for breach of fiduciary duty in the administration of the plan.  Pursuant to 29 U.S.C. § 1132(a)(2), a civil action may be brought by a participant, beneficiary, or fiduciary for appropriate relief under section 1109 of this title.  Section 1109 states that any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries shall be personally liable to pay any losses resulting from each such breach of fiduciary duty.  29 U.S.C. §1109.  Defendant breached its duty (1) of loyalty pursuant to which all decisions regarding an ERISA plan must be made solely in the interests of the participants and beneficiaries; (2) to always act both as a prudent person would act in a similar situation and with single-minded devotion to the plan participants and beneficiaries; (3) to act for the exclusive purpose of providing benefits to plan beneficiaries; (4) to act in accordance with any documents and instruments governing the plan; (5) to not materially mislead those to whom duties of loyalty and prudence are owed; (6) to keep the beneficiaries of the plan advised of the insurance coverage, or lack thereof, for the plan; and (7) to evaluate the participant's claim and pay according to the terms of the existing plan.

33.     Defendant has breached its fiduciary duty with Plaintiffs.  Plaintiff has been forced to seek the assistance of this Court in obtaining benefits wrongfully denied to it by Defendant.  Accordingly, Plaintiff seeks attorneys' fees and costs provided by 29 U.S.C. § 1132(g).

**ERISA § 1132(a)(3)**

34. Plaintiff incorporates by reference all the factual allegations contained in preceding paragraphs.

35. In the alternative, Plaintiffs seek relief under 29 U.S.C. § 1332(a)(3), as beneficiary under the plan for breach of fiduciary duty in the administration of the plan. Pursuant to 29 U.S.C. § 1132(a)(3), a participant, beneficiary, or fiduciary may sue to enjoin any act or practice which violates any provision of ERISA or the terms of the plan or obtain other appropriate equitable relief to redress such violations or to enforce the provisions of ERISA or the terms of the plan. 29 U.S.C. §1132(a)(3). Defendant's breach of fiduciary duty includes misrepresenting the validity of Plaintiffs' policy. Plaintiffs seek the benefits they would have been entitled to had the misrepresentation not occurred.

36. Defendant breached its fiduciary duty with Plaintiffs. Plaintiff has been forced to seek the assistance of this Court in obtaining benefits wrongfully denied to it by Defendant. Accordingly, Plaintiff seeks attorneys' fees and costs provided by 29 U.S.C. § 1132(g).

## VI.
## Prayer

37. For these reasons, Plaintiffs ask that Defendant be cited to appear and answer, and that they have judgment against Defendant for the following:

   a. Compensatory damages, exemplary damages, punitive damages, treble damages and additional damages in an amount to be determined according to proof at trial;

   b. Attorney's fees and costs pursuant to 42 U.S.C. 1988 and Sec. 17.50(d) of the Texas Business and Commerce Code;

   c. Pre and Post judgment interest;

   d. Alternatively, Plaintiffs seek benefits due under the ERISA plan; and

e.  such other and further relief as the court deems appropriate;

          Respectfully submitted,

          THE **BUZBEE** LAW FIRM

/s/:   *Anthony G. Buzbee*
      ANTHONY G. BUZBEE
      SD TX ID No. 22679
      JP Morgan Chase Tower
      600 Travis Street, Suite 7300
      Houston, Texas 77002
      Telephone: 713.223.5393
      Facsimile:  713.223.5909

OF COUNSEL:
Christopher J. Leavitt
State Bar No. 24053318
S.D. Tex ID NO. 1045581

## **CERTIFICATE OF SERVICE**

   I hereby certify that the foregoing document was served in compliance with the Federal Rules of Civil Procedure on September 12, 2012 as indicated below:

***Via Facsimile: (214) 905-1213***
Charles S Cantu
Johnson Broome Cantu, P.C.
13155 Noel Rd, Ste 900
Dallas, TX 75240

                */s/ Anthony G. Buzbee*
                 Anthony G. Buzbee